## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

N.U. a minor, by and through her father )
and next best friend, )
HERIBERTO UNZUETA, )
and her mother and next best friend, )
ELBA UNZUETA, )
     )
        Plaintiffs, )
     )
      v. )          Case No. 15-4885-KHV
     )
WAL-MART STORES, INC. and )
CONSUMER TESTING )
LABORATORIES, INC., )
     )
        Defendants. )

### MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiffs' Motion to Compel Disclosure (ECF
No. 51). Plaintiffs Herberto and Elba Unzueta, on behalf of their minor daughter, seek to compel
Defendant Wal-Mart Stores, Inc. to fully and completely respond to Interrogatory Nos. 3-10, 12,
15, 18-20 and to Request for Production Nos. 2, 6-14, 17, 20-26, 28-32, and 34-43. Since the
Unzuetas filed their motion to compel, Wal-Mart has obtained information that should enable it
to fully respond to the discovery requests for which Wal-Mart's sole objection was that it lacked
the information that would allow it do so. For the reasons stated below, the motion to compel is
granted in part and denied in part.

### I.      Background

The Unzuetas bring this action on behalf of N.U., their minor daughter who was injured
after the dress she was wearing caught fire on February 27, 2014, causing severe burns to her
body. The Unzuetas assert negligence and strict products liability claims against Defendant Wal-
Mart, which sold the Faded Glory brand dress N.U. was wearing, and against Defendant

Consumer Testing Laboratories (CTL), which plaintiffs allege participates with Wal-Mart in the process of designing and developing the Faded Glory brand of apparel.

The Unzuetas served their first requests for production of documents and interrogatories on November 9, 2015. After agreeing to extend Wal-Mart's response deadline, Wal-Mart responded on January 15, 2016, producing just two documents in response to the requests for production and objecting to the majority of the requests for production and to a number of interrogatories as well. The objections to discovery fall into two broad categories, the first of which consists of discovery requests to which Wal-Mart contended it could not respond because it had been unable to identify the particular Faded Glory dress at issue. The second category concerns objections lodged for other reasons—namely that the requests are overly broad, unduly burdensome, vague and ambiguous, or encompass irrelevant information.

After the motion to compel was fully briefed, Wal-Mart filed a motion for leave to file a surreply (ECF No. 72). The proposed surreply states that Wal-Mart has now identified the Faded Glory dress and was in the process of gathering responsive information responsive to the discovery requests to which Wal-Mart had no remaining objection. Because the proposed surreply provides information pertinent to this dispute that was not available at the time the parties briefed the motion, the court grants Wal-Mart's motion for leave to file a surreply insofar as the court has considered the proposed surreply in fashioning this order.

## II.    Discussion

Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs to of the case. When a party fails to make disclosure or produce discovery, the opposing party may file a motion to compel. When a party files a motion to compel that asks the court to overrule certain objections,

the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[1] However, if the discovery requests appear facially objectionable, the movant bears the burden to demonstrate how the request is not objectionable.[2]

In their briefs, the parties have grouped together disputed discovery requests based on the reasons for certain objections. Many of the reasons underlying the objections, however, do not apply equally among the grouped discovery requests. For example, Wal-Mart asserts that multiple discovery requests are unduly burdensome because they seek discovery concerning "substantially similar" products. Wal-Mart explains that it does not categorize its products as being sold in the girls' department or as being dresses. Rather, the information is stored based on the product's UPC code. So, discovery concerning "substantially similar" products would require Wal-Mart to review large amounts of information by UPC code to determine whether it could be considered a "substantially similar" product, and if so, then Wal-Mart would need to gather responsive information sought by the request. But several of the discovery requests lumped into this category would not appear to require a manual review of products by UPC code. For example, the Unzuetas seek information concerning Wal-Mart's policies and specifications for flammability, and the Unzuetas have also asked whether Wal-Mart keeps a "lawsuit run sheet" regarding certain types of cases. Wal-Mart has not explained how responding to these discovery requests would require the same undertaking as the requests that call for identification of substantially similar products. Indeed, it is difficult to see how Wal-Mart would need to review product information by UPC code to determine whether it keeps a "lawsuit run sheet."

---

[1] *Sonnino v. Univ. Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[2] *See Goodyear Tire & Rubber Co. v. Krik's Tire & Auto Service Center of Haverstraw, Inc.*, 211 F.RD. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

While the court appreciates efforts to streamline discovery motions, it is often more helpful for an objecting party to address each discovery request and objection individually because it calls for a more precise argument showing how the discovery request is objectionable. If Wal-Mart had engaged in this analysis, perhaps it would have realized that it was also attempting to support objections to discovery requests that were not at issue in the Unzuetas' motion to compel.[3] Instead, Wal-Mart has asserted numerous objections to numerous discovery requests, and in many cases, it has devoted all of a sentence (and sometimes not even a sentence) to explaining how an individual discovery request is objectionable. So, while the Unzuetas have drafted relatively broad discovery requests, Wal-Mart has failed, in most instances, to support its objections to these requests. It relies instead on conclusory assertions that the scope of the requests is too broad without adequately demonstrating that responding to the requests would pose an undue burden or that the scope of the requests encompasses irrelevant information. For these reasons, the court grants in part and denies in part the motion to compel as detailed below. The court first addresses the discovery requests impacted by the identification of the dress and next individually addresses each of the discovery requests at issue and the objections relied upon in response to the motion to compel.

### A.  Discovery requests requiring identification of the dress

Interrogatory Nos. 3, 5, 6, 8, 9, 10, 12, 18, 19 and Request for Production Nos. 2, 6, 8-14, 17, 34-40, and 43 seek product-specific information relating to the dress in this action. Wal-Mart has separately objected to some of these discovery requests. The court addresses those objections below. However, Wal-Mart states in its proposed surreply that it intends to supplement its

---

[3] *See* Def. Wal-Mart Stores, Inc.'s Opp'n to Pls.' Mot. to Compel Disclosure at 7, 13 ECF No. 64 (attempting to support objections to Request for Production Nos. 19 and 27); *see also* Pls.' Mot. to Compel Disclosure at 10, ECF No. 51 (moving for a court order compelling responses to various interrogatories and to "Request for Production Nos.  2, 6-14, 17, 20-26, 28-32, and 34-43").

responses to these discovery requests based on this new information. To the extent it has not already done so, Wal-Mart shall fully respond to these discovery requests within twenty-one (21) calendar days from the date of this order.

**B.  Interrogatory No. 4**

Although the Unzuetas include Interrogatory No. 4 among the discovery requests for which they seek a court order compelling disclosure,[4] Wal-Mart actually answered Interrogatory No. 4. It lodged no objections. Because the Unzuetas have not explained why they would seek an order compelling a further response, the court denies the motion to compel as to this interrogatory.

**C.  Interrogatory No. 7**

This interrogatory asks Wal-Mart to "[i]dentify each safety-related Product Information sign, display, or other document furnished by you to sellers for display in their sales facilities from January 1, 2013 through December 31, 2014 that concerned The Product (or any Substantially Similar Product)."[5] Wal-Mart argues that the term "substantially similar products" renders the discovery request overly broad and unduly burdensome. The court interprets these objections as being intertwined: that the discovery request is so broad that responding to it would pose an undue burden.

A party asserting an undue burden objection must typically set forth facts justifying the objection "by demonstrating that the time or expense involved in responding to requested

---

[4] *See* Pl.'s Mot. to Compel Disclosure at 10, ECF No. 51; *see also* Pl.'s Reply in Supp. of Mot. to Compel at 8, ECF No. 67.

[5] Def. Wal-Mart Stores, Inc. Resps. and Objections to Pls.' First Interrogs. to Def. Wal-Mart Stores, Inc. at 4, ECF No. 51-1.

discovery is unduly burdensome."[6] This means the objecting party must show "not only undue burden or expense but that the burden or expense is unreasonable in light of the benefits to be secured from discovery."[7] This imposes an obligation "to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[8] Typically, this showing is made through an "affidavit or other evidentiary proof of the time or expense involved."[9]

In support of its undue burden objection, Wal-Mart has submitted an affidavit from Angie Davis, a member of Wal-Mart's product development team.[10] The affidavit states that Faded Glory products sourced in India are supplied by twenty different manufacturers. Those suppliers provided 4,123,892 Faded Glory products in 2012 and 3,309,877 products in 2013. According to Ms. Davis, neither the manufacturers/suppliers nor Wal-Mart segregate or categorize their products as "girls" or "dresses." She states that Wal-Mart does not maintain and track "product information" within its systems on the basis of the product's designation as a girls' dress, a girls' cotton dress, or other similar variations. Rather, the information is linked to specific product codes or UPCs. Because of this, Ms. Davis states that Wal-Mart would be required to search and review all Faded Glory products in the girlswear/apparel department to determine whether or not the products fall into the category of products stated in the discovery request, and then Wal-Mart

---

[6] *G.D. v. Monarch Plastic Surgery*, *P.A.*, No. 06–2184–CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007) (quoting *Horizon Holdings, L.L. C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

[7] *Heartland Surgical Specialty Hosp. v. Midwest Div.*, Inc., No. 05–2164–MLB–DWB, 2007 WL 3171768, at *2 (D. Kan. Oct. 29, 2007) (quoting *Cardenas v. Dorel Juvenile Grp.*, 232 F.R.D. 377, 380 (D. Kan. 2005)).

[8] *G.D.*, 2007 WL 201150, at *2 (quoting *Horizon Holdings*, 209 F.R.D. at 213).

[9] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004) (citing *Bradley v. Val–Mejias*, No. 00–2395–GTV, 2001 WL 1249339 at *6 n.4 (D. Kan. Oct. 9, 2001)).

[10] *See* Aff. of Angie Davis, ECF No. 71.

would need to determine what responsive information is linked to that product. Wal-Mart states that one of the twenty manufacturers/suppliers alone provided 6,843 individual products in the girlswear/apparel department in 2013.

Wal-Mart has sought to drastically limit the scope of discovery based on a fairly non-specific affidavit. Although the affidavit establishes that Wal-Mart cannot easily access "product information" based anything except UPC code, Wal-Mart fails to set out what it considers "product information." While it seems reasonably likely that this would encompass  safety-related information that accompanied the products, it seems less likely that "product information" would encompass certain information at issue in other discovery requests—information such as reports made to the Consumer Products Safety Commission, correspondence between Wal-Mart and Co-defendant Consumer Testing Laboratories, or information about other lawsuits. So, while the court holds that Wal-Mart has presented sufficient information to support its undue burden objection to this discovery request as drafted, this is not true as to other requests discussed below.

This court has also previously held that a discovery request without a temporal scope is facially objectionable.[11] So, while Wal-Mart has not provided an estimate of the time or expense it would take to respond to this request, the failure is excused in this instance because the discovery request lacks any temporal limitation, thereby complicating an objecting party's ability to provide an estimate of time or expense. However, in Wal-Mart's proposed surreply, it states that it has attempted to address the issue presented with the parties' dispute about discovery regarding "substantially similar products." Wal-Mart states that it proposed that it produce responsive documents and information for Faded Glory girls cotton apparel (excluding

---

[11] *See, e.g., Moss v. Blue Cross and Blue Shield of Kan.*, 241 F.R.D. 683, 690 (D. Kan. 2006).

accessories such as hats, gloves, scarves, and similar products) from the same supplier as the dress at issue.[12] Wal-Mart also states that it is willing to agree to plaintiffs' proposed timeframe of August 1, 2008, through December 31, 2014.[13]

While it is unclear whether Wal-Mart would continue to lodge objections to this discovery request based on its limited scope and definition of "substantially similar," the court would overrule them in any event. When a discovery request is objectionable in some respects, the responding party is not automatically relieved of its obligation to provide responses to the extent a portion of the request is not objectionable.[14] Even though Wal-Mart has a valid objection to a discovery request, the court will generally require a response where adequate guidance exists to determine to what extent the request is not objectionable.[15] Here, Wal-Mart has suggested a definition of "substantially similar products," which the court finds appropriate because this term is one that requires a more precise definition. Wal-Mart also states that it agrees to the Unzuetas' proposed temporal scope. Wal-Mart has not provided any specific information about the time or expense it would take to respond to this discovery request as limited in temporal scope or with the definition of "substantially similar." Therefore, the court sustains Wal-Mart's overbreadth and undue burden objections to the interrogatory as drafted and modifies the request to include the definition of "substantially similar" set out above and to limit the temporal scope to August 1, 2008, through December 31, 2014. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve a supplemental response to Interrogatory No. 7.

---

[12] Def. Wal-Mart's Sur-Reply to Pls.' Reply in Supp. of Mot. to Compel at 2, ECF No. 72-1.

[13] *Id.* at 2-3.

[14] *Moss*, 241 F.R.D. at 690.

[15] *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2007).

### D.  Interrogatory No. 9

This interrogatory asks Wal-Mart to,

> State whether any Product Information concerning the risk of The Product catching fire when worn in close proximity to an open flame or other heat source was changed in any way with respect to The Product (or any Substantially Similar Product) during the period January 1, 2013 through the present date. For each, state whether the change was furnished by you to sellers of The Product or their customers, and state when the change was furnished to the sellers or their customers.[16]

Wal-Mart's objections to this discovery request are the same as those discussed above. It argues that the discovery request is overly broad and unduly burdensome. For the same reasons stated in the discussion of Interrogatory No. 7, the objections are sustained as to the interrogatory as drafted. The court modifies this interrogatory to include the definition of "substantially similar" set out in the discussion of Interrogatory No. 7. Because the interrogatory contains a temporal scope, and Wal-Mart has not demonstrated that it is objectionable, the court will not modify the temporal scope of the interrogatory. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve a supplemental response to Interrogatory No. 9.

### E.  Interrogatory No. 10

This interrogatory asks Wal-Mart to,

> State the date, place, and circumstance under which you first became aware that The Product (or any Substantially Similar Product) may be susceptible to catching fire when worn in close proximity to an open flame or other heat source; and identify the specific risks of which you became aware and the source of information leading to your awareness.[17]

---

[16] Def. Wal-Mart Stores, Inc. Resps. and Objs. To Pl.'s First Interrog. to Def. Wal-Mart Stores, Inc. at 4, ECF No. 51-1.

[17] *Id.* at 5.

Wal-Mart's discovery objections are the same ones lodged in response to Interrogatory No. 7. For the same reasons stated above, the objections are sustained as to the interrogatory as drafted. The court modifies the interrogatory to include the definition of "substantially similar" included in the discussion of Interrogatory No. 7 and to limit the temporal scope to August 1, 2008, through December 31, 2014, as to when Wal-Mart became aware that certain products may be susceptible to catching fire. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve a supplemental response to Interrogatory No. 10.

## F.   Interrogatory No. 15

This interrogatory asks whether Wal-Mart has a "'Lawsuit Run Sheet' of prior flammability cases involving girls' dresses" and if so, it requests that Wal-Mart identify the cases.[18] Wal-Mart lodges the same objections to this interrogatory as it does to Interrogatory No. 7, arguing that the interrogatory is overly broad and unduly burdensome for the same reasons outlined above. It devotes a separate section of its brief to arguing that information concerning other litigation is also objectionable. Specifically, Wal-Mart contends that this request is overly broad, unduly burdensome, and irrelevant because discovery requests seeking information on products, testimony, and issues unrelated to the dress at issue in this case or the manufacturer is "abusive in temporal scope and would require a nearly case-by-case analysis."[19] As previously explained, the lack of any temporal limitation on a discovery request renders the request facially objectionable. However, Wal-Mart has stated that it does not object to the Unzuetas' proposed time frame for the discovery request: August 1, 2008, through December 31, 2014; and so the court will modify the request to limit the temporal scope to those dates. The remainder of Wal-

---

[18] *Id.* at 7.

[19] Def. Wal-Mart Stores, Inc.'s Opp'n to Pls.' Mot to Compel Disclosure at 10-11, ECF No. 64.

Mart's overbreadth objection appears intertwined with its undue burden objection and its relevance objection, respectively—that is, that the breadth of the discovery request makes it unduly burdensome and also that the breadth of the request encompasses information that is not relevant. The court addresses each of these positions below.

### i.      Undue burden objection and related overbreadth objection

Wal-Mart has not supported its undue burden objection as to this request. The affidavit Wal-Mart relies upon in support of its undue burden objection establishes that discovery requests seeking information about "substantially similar products" or other large categories of products that would require Wal-Mart identify "product information" based on product UPC code would be a time-consuming endeavor. As noted in the discussion of Interrogatory No. 7, the affidavit does not outline what the affiant considers to be "product information." The court lacks key facts about what documents or information would require Wal-Mart to undertake a manual review of products based on UPC code and what would not. In this case, Interrogatory No. 15 would not appear to require this. Absent information to the contrary, it is not reasonable to assume that Wal-Mart would be required to review products by UPC code in order to answer whether it has a "lawsuit run sheet" regarding prior flammability cases. It is more likely that this information is stored in another manner, which may render it more easily accessible. So, while it is conceivable that this interrogatory might require Wal-Mart to undertake a manual review of products based on their UPC code, Wal-Mart has not explained—and it is not apparent—that this would be required in order to answer whether it has a "lawsuit run sheet." Therefore, Wal-Mart has not supported its undue burden objection or overbreadth objection on this basis, and so the court overrules them.

### ii.     Relevance objection and related overbreath objection

The court also overrules Wal-Mart's relevance objection. Fed. R. Civ. P. 26(b) defines the scope of discovery. The month after the Unzuetas served their discovery requests, Rule 26 underwent significant amendments. The rule now defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[20]

The amendments took effect on December 1, 2015, and "shall govern in all proceedings in civil cases thereafter commenced and, insofar practicable, all proceedings then pending."[21] The court finds it appropriate to apply the amended rule in this proceeding because, as discussed further below, the proportionality requirement that now appears in Rule 26(b)(1) was part of the former Rule 26.[22] In other words, the amendment does not significantly alter this rule or the court's application of the rule.

Wal-Mart puts much emphasis on Rule 26(b)'s proportionality requirement and argues that the Unzuetas' discovery requests do not comply with the 2015 amendments; however, the amendments to Rule 26(b) do not alter the burden placed on a party resisting discovery or alter

---

[20] Fed. R. Civ. P. 26(a)(1).

[21] Supreme Court Order at 3 ¶2 (U.S. Apr. 29, 2015); *see also* 28 U.S.C. § 2074(a); Fed. R. Civ. P. 86(a)(2).

[22] *See, e.g., Mylan Pharm. Inc. v. Celgene Corp.*, No. 14-2094, 2016 WL 2943813, at *6 (D.N.J. May 20, 2016) (reaching the same conclusion); *Gilead Scis., Inc. v. Merck & Co.*, No. 13-4057, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) ("Proportionality in discovery under the Federal Rules is nothing new. Old Rule 26(b)(2)(C)(iii) was clear that a court could limit discovery when burden outweighed benefit .... New Rule 26(b)(1), implemented by the December 1, 2015 amendments, simply takes the factors explicit or implicit in these old requirements to fix the scope of all discovery demands in the first instance.").

the considerations for the court when determining whether to compel discovery.[23] Most of what

now appears in Rule 26(b) was first adopted in 1983 to deal with the problem of "over

discovery."[24] So,

> just as was the case before the December 1, 2015 amendments,
> under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can—and
> must—limit proposed discovery that it determines is not
> proportional to the needs of the case, considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues,
> and whether the burden or expense of the proposed discovery
> outweighs its likely benefit—and the court must do so even in the
> absence of a motion.[25]

In making this determination, the party resisting discovery still bears the burden to

support its objections. [26] The amendments do not "place on the party seeking discovery the

burden of addressing all proportionality considerations."[27] After all, "[a] party claiming undue

burden or expense ordinarily has far better information—perhaps the only information—with

respect to that part of the determination."[28]

The court previously addressed the relevance of similar discovery requests propounded

on Co-defendant CTL.[29] In that order, the court found that discovery requests aimed at gathering

information to determine CTL's awareness of alternative fabrics or fabric treatments was

---

[23] *See* Fed. R. Civ. P. 26(b) advisory committee's note to the 2015 amendment; *see also Carr v. State Farm Mut. Ins. Co.*, 312 F.R.D. 459, 464 (N.D. Tex. 2015) (reaching the same conclusion).

[24] Fed. R. Civ. P. 26(b) advisory committee's note to the 2015 amendment.

[25] *Gondola v. USMD PPM, LLC*, No. 15-411-M, 2016 WL 3031852, at *3 (N.D. Tex. May 27, 2016).

[26] Fed. R. Civ. P. 26(b) advisory committee's note to the 2015 amendment.

[27] *Id.*

[28] *Id.*

[29] *See* Order at 7, ECF No. 63.

relevant.[30] The court noted that the Unzuetas' complaint alleges that "defendants' failure to use alternative, safer, materials or treatments in the manufacture and testing of N.U.'s dress notwithstanding having actual knowledge of these alternatives is a direct and proximate cause of N.U.'s injuries."[31]

Wal-Mart does not set forth any additional facts or arguments that would lead the court to alter its conclusion about the relevance of this discovery. Wal-Mart outlines that the discovery requests aimed at prior flammability litigation are broad and not limited to sufficiently comparable dresses of the same fabric, weight, or supplier. But the lack of these limitations would not render the information sought irrelevant, particularly if the Unzuetas are seeking to determine to what extent Wal-Mart was potentially aware of alternative fabrics or fabric treatments. And while Wal-Mart cites to the amendments to Rule 26(b) and raises proportionality concerns, Wal-Mart fails to address a number of factors considered when addressing proportionality, among them: the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, or the importance of the discovery in resolving the issues.

Although Wal-Mart has addressed one of the factors—the burden of expense of some of the proposed discovery—it has not shown that the burden or expense of discovery concerning prior litigation (particularly with the temporal limitation now imposed) would be significant. Other than speculating that complying with this and similar discovery requests would "entail manual review of thousands of records,"[32] Wal-Mart has failed to produce sufficient evidentiary

---

[30] *Id.*

[31] *Id.* at 7-8.

[32] Def. Wal-Mart Stores, Inc.'s Opp'n to Pls.' Mot. to Compel at 13, ECF No. 64.

support in terms of the time or expense involved with complying with these discovery requests generally or with this discovery request specifically. For these reasons, the court holds that Wal-Mart has failed to support its relevance  and overbreadth objections, and the court overrules them.

Wal-Mart's overbreadth objection is sustained as to the lack of temporal scope and overruled in all other respects. The court modifies the temporal scope to include cases filed between August 1, 2008, through December 31, 2014. Wal-Mart's undue burden and relevance objections are overruled. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve a supplemental response to Interrogatory No. 15.

### G.  Interrogatory No. 18

This interrogatory asks whether Wal-Mart has "under Section 15(b) of the Consumer Product Safety Act reported to the Consumer Products Safety Commission information concerning cotton girls' dresses which you [Wal-Mart] sold? If so, what have you reported?"[33] Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this interrogatory to reports made between August 1, 2008, through December 31, 2014.

However, as the court concluded in the discussion of Interrogatory No. 15 above, the affidavit Wal-Mart has submitted in support of its undue burden objection establishes that discovery requests requiring Wal-Mart to search for and identify large categories of documents by UPC code would be unduly burdensome, but this request would not appear to call for such an endeavor. Wal-Mart has not suggested it cannot access information provided to the Consumer

---

[33] Def. Wal-Mart Stores, Inc. Resps. and Objs. To Pl.'s First Interrog. to Def. Wal-Mart Stores, Inc. at 8, ECF No. 51-1.

Products Safety Commission (CPSC) but for undertaking a manual review of products based on UPC code. It seems just as likely that Wal-Mart could access information provided to the CPSC and then review those records to determine whether any of those reports encompassed cotton girls' dresses. So, while this interrogatory conceivably could require Wal-Mart to search for and identify these products by UPC code, Wal-Mart has failed to explain that this would be the case.

Therefore, Wal-Mart has not supported its undue burden objection, and the court overrules it. Wal-Mart's overbreadth objection is sustained as to the lack of a temporal scope and overruled in all other respects.  Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve a supplemental response to Interrogatory No. 18, limiting the temporal scope to information and/or reports submitted to the CPSC between August 1, 2008, through December 31, 2014.

### H.  Interrogatory No. 19

This interrogatory asks Wal-Mart to,

> State the name of the individuals within Wal-Mart that have knowledge with regard to Faded Glory girls' dresses on the following subjects:
>
> (a) Flammability characteristics of various fabrics;
>
> (b) Industry fire hazard data;
>
> (c) Applicable standards;
>
> (d) The safety of the dress relative to the choice of fabrics, design and warnings; and
>
> (e) Alternative safer fabrics and design.[34]

Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, the lack of any temporal scope renders the discovery request

---

[34] *Id.* at 9.

facially objectionable, and so the court will limit the scope of this interrogatory to the time period between August 1, 2008, through December 31, 2014. But for largely the same reasons in the discussion of Interrogatory No. 15, the evidentiary support for Wal-Mart's undue burden objection would not appear to apply to this interrogatory. Wal-Mart has failed to specifically explain why identifying Wal-Mart officials who are familiar with the topics listed would be unduly burdensome or overly broad. Wal-Mart's overbreadth objection is sustained as to the lack of a temporal scope, and its overbreadth and undue burden objections are overruled in all other respects.

Wal-Mart also objects to the terms "various fabrics" and "applicable standards" as being vague and ambiguous. It argues that "various fabrics" implies multiple indefinite types of fabrics that could include a combination of fabrics. The court agrees that "various fabrics" encompasses a wide-range of fabrics, but this alone does not render the interrogatory vague or ambiguous. Removing the modifier "various" would not alter the meaning of the interrogatory, and one could hardly argue that the term "fabrics" is unclear. After all, "[a] party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[35] The court overrules Wal-Mart's vague-and-ambiguous objection to the phrase "various fabrics."

Wal-Mart's vague-and-ambiguous objection to the term "applicable standards" is more meritorious, albeit slightly so. Wal-Mart contends that potential applicable standards include fabric content, sale price points, cost, product mix, and quality. The parties should have been capable of clarifying what information the Unzuetas seek. Clearly, the Unzuetas are not concerned about standards other than those pertaining to product safety. The court sustains Wal-

---

[35] *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. 2004) (internal quotations omitted).

Mart's vague-and-ambiguous objection as to the term "applicable standards." The court limits the interrogatory to "applicable standards concerning flammability or product safety."

Within twenty-one (21) days from the date of this order, Wal-Mart shall serve a supplemental response to Interrogatory No. 19, with section (c) limited to applicable standards concerning flammability or product safety. The court also limits the temporal scope of this interrogatory to the time period between August 1, 2008, through December 31, 2014.

### I.   Interrogatory No. 20

This interrogatory asks for information about other lawsuits filed against Wal-Mart for injuries sustained as a result of alleged flammable fabric. It asks for:

> (a) The date it was filed, place it was filed, the court which it was filed and its docket number, and the judgment or settlement reached;
>
> (b) The name, present or last known address and telephone number of the claimant(s)' attorneys; and
>
> (c) The full name, present or last known address and telephone number of each person who testified at the trial or gave a deposition.[36]

Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this interrogatory to the time period between August 1, 2008, through December 31, 2014. But for the same reasons in the discussion of Interrogatory No. 15, the evidentiary support for Wal-Mart's undue burden objection would not appear to apply to this interrogatory.

---

[36] Def. Wal-Mart Stores, Inc. Resps. and Objs. To Pl.'s First Interrog. to Def. Wal-Mart Stores, Inc. at 9, ECF No. 51-1.

Wal-Mart's overbreadth objection is sustained as to the lack of a temporal scope, and its overbreadth and undue burden objections are overruled in all other respects. Wal-Mart also asserts the same relevance objection asserted in response to Interrogatory No. 15, and for the same reasons stated in the discussion of that interrogatory, Wal-Mart has failed to support this objection, and so it is overruled. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve a supplemental response to Interrogatory No. 20, limiting the temporal scope to the time period between August 1, 2008, through December 31, 2014.

### J.   Request for Production No. 2

This request seeks, "All documents evidencing communications between any employee or representative of Defendant Wal-Mart and any employee or representative of Consumer Testing Laboratories, Inc. relating to consumer complaints about The Product or Substantially Similar Products from two (2) years prior to the events described in the Complaint to the present."[37]

Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Wal-Mart's objections to the term "substantially similar" are sustained for the same reasons discussed in the section addressing Interrogatory No. 7. Wal-Mart shall respond using the definition of "substantially similar" included in the discussion of Interrogatory No. 7.

Wal-Mart also objects that this request is vague and ambiguous, but it states that the parties have resolved the dispute regarding these objections.[38] The correspondence attached to Wal-Mart's response brief indicates that the parties agreed to modify this request to further limit

---

[37] Def. Wal-Mart Stores, Inc.'s Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs. to Def. Wal-Mart Stores, Inc. at 2, ECF No. 51-2.

[38] Def. Wal-Mart Stores, Inc.'s Opp'n to Pls.' Mot. to Compel Disclosure at 15, ECF No. 64.

the phrase "consumer complaints" to "consumer complaints regarding the flammability of the Product or Substantially Similar Products."[39]

Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall produce documents responsive to Request No. 2, using the limited definition of "substantially similar" included in the discussion of Interrogatory No. 7 and limiting the request as agreed upon by the parties.

**K. Request for Production No. 6**

This request seeks, "All documents relating to changes made to the design and manufacturing process of the Product after events alleged in the Complaint."[40] Wal-Mart asserts overbreadth and undue burden objections to this request, but unlike the previously discussed discovery requests, Wal-Mart makes an additional argument in support of its objections. Wal-Mart argues that this and other requests for production are facially overbroad and unduly burdensome. The significance of this assertion is that—as previously set out—the discovering party bears the burden of justifying facially objectionable discovery requests before the burden shifts to the responding party to support its objections.

There is some guidance from this district regarding circumstances when a discovery request may be facially objectionable—such as when it lacks a temporal scope or when it uses omnibus terms that modify a large category of documents.[41] But just because a discovery request is broad does not mean it is facially objectionable. Parties responding motions to compel should

---

[39] *See* Letter from plaintiffs' counsel to defense counsel at 2, ECF No. 64-4.

[40] Def. Wal-Mart Stores, Inc.'s Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs. to Def. Wal-Mart Stores, Inc. at 4, ECF No. 51-2.

[41] *See, e.g., Moss*, 241 F.R.D. at 690 (finding the lack of temporal scope renders a discovery request facially objectionable); *Cardenas*, 232 F.R.D. at 382 (stating that discovery requests may be facially overbroad or unduly burdensome when they contain omnibus terms that modify a large category of documents that "make arduous the task of deciding which of numerous documents may conceivably fall within its scope").

use caution when relying on these types of assertions rather than fully supporting their own discovery objections. While there are few bright-line rules regarding when a discovery request may be facially objectionable, the undersigned generally considers a request facially objectionable if the court could tell that the request is overly broad, unduly burdensome, vague or ambiguous, or seeks irrelevant information by doing nothing more than evaluating the plain language of the request. If additional information is required to determine that a discovery request is objectionable, it is generally the objecting party's duty to provide that information in support of its objections.

Request No. 6, like many of the other requests discussed in this section of Wal-Mart's brief, is not objectionable on its face. Although it uses the omnibus term "relating to," the term applies to a sufficiently specific category of information: "changes made to the design and manufacturing process." Because the request is not facially objectionable, Wal-Mart bears the burden to support its overbreadth and undue burden objections.

Wal-Mart argues that the request encompasses any changes in the design and manufacturing process of the dress regardless of any nexus between the changes and the allegations in the complaint. It also argues that the request "contemplates a vast number of topics and issues unrelated to Plaintiffs' allegations."[42] As an example, Wal-Mart states that the changes could encompass changes in raw material sources, increases or decreases in production, or product lead times.

While Wal-Mart may have made certain changes to the design and manufacturing process that have nothing to do with concerns about flammability or product safety, Wal-Mart—as the party in possession of these documents—has not suggested that these types of responsive

---

[42] Def. Wal-Mart Stores, Inc.'s Opp'n to Pls.' Mot. to Compel Disclosure at 9-10, ECF No. 64.

documents even exist. Instead, Wal-Mart has raised a hypothetical possibility that this request could conceivably encompass documents of marginal relevance. The court would be more inclined to excuse Wal-Mart's failure to provide concrete information had Wal-Mart shown it would be pose an undue burden to search for and identify these documents. But Wal-Mart has failed to come forward with any argument or evidence that responding to this discovery request would pose an undue burden.  Although Wal-Mart's response brief was filed before it conclusively identified the dress at issue, it has sought leave to file a surreply informing the court that it has now identified the dress. So, at that time, Wal-Mart would have had the information at its disposal to support an undue burden objection. For these reasons, the court overrules Wal-Mart's overbreadth and undue burden objections. Within twenty-one (21)calendar days from the date of this order, Wal-Mart shall serve a produce documents responsive to Request No. 6.

### L.   Request for Production No. 7

This request seeks, "All documents setting forth the standard policy or procedure for determining the flammability of material to be used in the manufacture of Faded Glory girls' dresses for sale by you."[43] Like Request for Production No. 6, Wal-Mart also asserts this request is facially overbroad and unduly burdensome. It additionally asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7.

As previously explained, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this request the time period between August 1, 2008, through December 31, 2014. Wal-Mart also argues this request is facially overbroad because it seeks "all documents" setting forth the standard policy or procedure for determining flammability of material. The Unzuetas have asked for policies and procedures

---

[43] Def. Wal-Mart Stores, Inc.'s Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs. to Def. Wal-Mart Stores, Inc. at 4, ECF No. 51-2.

related to flammability used in the manufacture of girls dresses sold under the same brand name as N.U. was wearing at the time it ignited. There is nothing in the plain language of the request that would lead the court to conclude that it is overly broad or unduly burdensome given the modified temporal scope. Therefore, Wal-Mart bears the burden to support the remainder of its objections.

Wal-Mart's overbreadth and undue burden objections fall into two categories. Wal-Mart takes issue with the category "Faded Glory girls' dresses." It sets forth the same argument regarding overbreadth and undue burden as set forth in the discussion of Interrogatory No. 7. The evidentiary support for that undue burden objection does not appear to apply to this request as drafted. Wal-Mart has not suggested that it has different policies or procedures for different Faded Glory girls' dresses or that these policies or procedures would be linked to individual dresses, thereby requiring Wal-Mart to undertake a manual review of these products by UPC code. While this certainly may be the case, Wal-Mart bears the burden of coming forward with sufficient information to establish an undue burden, and it falls short of doing so. Therefore, Wal-Mart has not supported its overbreadth and undue burden objections on this basis.

In the section of its brief addressing facial overbreadth and undue burden, Wal-Mart separately argues that "Faded Glory girls' dresses" is an enormous category of products, and the request would require production of every document or every product test report that even cites to the standard policy or testing procedure. Wal-Mart objects to the use of the term "all documents." This is an issue the parties should have been capable of resolving. The Unzuetas are trying to discover the rules Wal-Mart has in place regarding flammability of this line of products, and they are entitled to do so.  Without knowing the full extent of Wal-Mart's business operations, the Unzuetas drafted what, on its face, appears to be a reasonable document

production request. After learning that the request encompasses far greater documents than necessary, including product test reports that cite to the standard policy or testing procedure, the parties should have determined a way to modify the request to encompass the documents sufficient to apprise the Unzuetas of Wal-Mart's  policies and procedures and one that did not require Wal-Mart to produce documents of marginal relevance that only repeat information already provided. After all, the Unzuetas are the best position to communicate to Wal-Mart about what they seek, and Wal-Mart is in the best position to communicate to the Unzuetas what the discovery request actually encompasses given Wal-Mart's business operations.

For these reasons, the court sustains Wal-Mart's overbreadth objection to the request as drafted and modifies it to include: "Documents sufficient to identify <u>all</u> policies or procedures in place from August 1, 2008, through December 31, 2014, for determining the flammability of material to be used in the manufacture of Faded Glory girls' dresses for sale by Wal-Mart." Wal-Mart's undue burden objection is overruled. Within twenty-one (21) days from the date of this order, Wal-Mart shall produce documents responsive to Request No. 7.

### M. Request for Production No. 8

This request seeks, "All documents evidencing safety testing performed on the Product or Substantially Similar Products."[44] Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this request to the time period between August 1, 2008, through December 31, 2014. For the same reasons stated in the discussion of Interrogatory No. 7, Wal-Mart's objections are sustained to the request as drafted. Within twenty-one (21) calendar days from the date of this order, Wal-

---

[44] *Id.* at 5.

Mart shall produce documents responsive to Request No. 8, using the definition of "substantially similar" contained in the discussion of Interrogatory No. 7 and using the modified temporal scope outlined above.

### N.  Request for Production Nos. 9, 10, 13, and 14

These requests seek documents regarding the product and substantially similar products concerning product information provided with the products, standards for performing quality control on these products, warnings or safety information provided with the products.[45] While Request Nos. 13 and 14 contain a temporal scope, Requests Nos. 9 and 10 do not, rendering them facially objectionable. Wal-Mart lodges the same overbreadth and undue burden objections it lodged in response to Interrogatory No. 7. For the same reasons stated in the discussion of that interrogatory, Wal-Mart's objections are sustained to the requests as drafted. The court modifies the requests as follows: Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve responsive documents to these requests using the definition of "substantially similar" set out in the discussion of Interrogatory No. 7. As to Request Nos. 9 and 10, Wal-Mart shall use the temporal scope set out in the discussion of Interrogatory No. 7. Wal-Mart has made no specific argument about why the temporal scope of Request Nos. 13 and 14 should be modified, and therefore, any objections concerning the temporal scope are overruled. Wal-Mart shall produce documents in response to Request Nos. 13 and 14 with the temporal scope stated in the requests.

### O.  Request for Production No. 20

---

[45] *Id.* at 6-7.

This request seeks, "Any and all documents reflecting flammability evaluation and testing of Faded Glory apparel products."[46] Like Request for Production No. 6, Wal-Mart also asserts this request is facially overbroad and unduly burdensome. It additionally asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7.

Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this request to the time period between August 1, 2008, through December 31, 2014. Wal-Mart also argues that the word "reflecting" coupled with the category "Faded Glory apparel products" renders the discovery request facially objectionable. Wal-Mart states that this request essentially seeks every testing report on every piece of Faded Glory apparel products, and "the universe of Faded Glory apparel products is enormous."[47] The term "reflecting" does not automatically render a discovery request facially objectionable, and although numerous apparel products are sold under the brand name "Faded Glory," this information is not apparent from the face of the request. In other words, the objections require additional context, which falls to Wal-Mart to provide. For these reasons, the court finds the request is not facially objectionable, and because of this, Wal-Mart bears the burden to support the remainder of its objections.

For largely the same reasons in the discussion of Interrogatory No. 15, the evidentiary support for Wal-Mart's undue burden objection would not appear to apply to this request. While it is conceivable that Wal-Mart might have to undertake a manual review of products based on their UPC code, it has not shown that this would be required in order to produce flammability evaluations and testing results—that is, that this information is only stored based on product

---

[46] *Id.* at 11.

[47] Def. Wal-Mart Stores, Inc.'s Opp'n to Pls.' Mot. to Compel Disclosure at 10, ECF No. 64.

UPC code. For these reasons, the court finds Wal-Mart has failed to support its undue burden objection.

Wal-Mart has also failed to support its overbreadth objection. Other than making conclusory assertions that the request encompasses a large number of products, Wal-Mart has not shown that the request is objectionably broad. As previously observed, overbreadth objections are often intertwined with relevance or undue burden objections—that is, that the request is so broad that it seeks irrelevant information or that it is so broad that responding would pose an undue burden. The court already ruled that Wal-Mart has failed to show that responding to this request would pose an undue burden. Wal-Mart has also failed to set forth any argument why "Faded Glory apparel products," while a broad category, is unreasonably broad. For these reason, the court sustains Wal-Mart's overbreadth objection as to lack of temporal scope and overrules it in all other respects. Wal-Mart's undue burden objection is overruled.  Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall produce documents responsive to Request No. 20 with the modified temporal scope outlined above.

## P.  Request for Production No. 21

This request seeks, "Any and all documents reflecting information concerning the design, manufacture and purchase for you of the brand name Faded Glory for the years 2012-2015 bearing the attached label 100% cotton and made in India."[48] Wal-Mart lists this discovery request in the heading for the section of its brief addressing facial overbreadth and undue burden. However, Wal-Mart does not specifically address this request in that subsection. The court declines to speculate as to what Wal-Mart believes is facially objectionable about this request

---

[48] Def. Wal-Mart Stores, Inc.'s Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs. to Def. Wal-Mart Stores, Inc. at 11, ECF No. 51-2.

and does not itself find the request to be facially objectionable. Therefore, Wal-Mart bears the burden to support its objections.

Wal-Mart additionally asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, while it is conceivable that this request might require Wal-Mart to undertake a manual review of products based on their UPC code, Wal-Mart has not shown that this would be required in order to respond. And while the scope of the request is broad, Wal-Mart has done no more than note that the request encompasses "Faded Glory apparel products," failing to assert any specific argument regarding the breadth of this request. For these reasons, Wal-Mart's overbreadth and undue burden objections are overruled. Within twenty-one (21) calendar days from the date of this order Wal-Mart shall produce documents responsive to Request No. 21.

### Q.  Request for Production No. 22

This request seeks, "Any and all documents reflecting the specification of fabrics and materials used to manufacture and produce Faded Glory 100% cotton girls' dresses as made in India."[49] Wal-Mart contends this request is overly broad and unduly burdensome on its face, and it also asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7.

Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this request to the time period between August 1, 2008, through December 31, 2014. In the section of its brief discussing its argument that the request is facially objectionable, Wal-Mart notes that the request contains an omnibus phrase that Wal-Mart contends modifies a broad category of documents. This district has

---

[49] *Id.* at 12.

previously held that a discovery request may be facially objectionable when it uses omnibus terms such as "relating to," "pertaining to," or "concerning," which modify a large category of documents.[50] As a guideline for evaluating the use of omnibus phrases in discovery requests, judges in this district often refer to Magistrate Judge Gerald L. Rushfelt's statements in *Audiotext Communications v. U.S. Telecom, Inc.*:[51] In *Audiotext*, Judge Rushflelt cautioned against requests that require "the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[52]

For example, this district has found a document request objectionable when it seeks documents relating to the entirety of plaintiff's alleged claims and allegations.[53] A discovery request of this nature would not provide a responding party with adequate guidance about what is sought. Unlike that example, the Unzuetas' request modifies a sufficiently specific category of documents— those "reflecting the specification of fabrics and materials used to manufacture and produce Faded Glory 100% cotton girls' dresses as made in India." The fact that this may encompass a great deal of documents does not automatically equate with a failure to provide sufficient detail about what is sought. For these reasons, the discovery request is not facially objectionable with a modified temporal scope. Therefore, Wal-Mart bears the burden to support the remainder of its objections.

---

[50] *See, e.g., Cardenas*, 232 F.R.D. at 382 (stating that discovery requests may be facially overbroad or unduly burdensome when they contain omnibus terms that modify a large category of documents that make arduous the task of deciding which of numerous documents may conceivably fall within its scope").

[51] No. 94-2395-GTV, 1995 WL 18759, at *1 (D. Kan. Jan. 17, 1995).

[52] *Id.* at *1.

[53] *See Fox v. Pittsburg State Univ.*, No. 14-2606-JAR-KGG, 2015 WL 7572301, at *3 (D. Kan. Nov. 24, 2015).

In addition to briefly noting that this request uses an omnibus phrase, Wal-Mart also asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. While it is conceivable that this request might require Wal-Mart to undertake a manual review of products based on their UPC code, Wal-Mart has not shown that this would be required to respond. Therefore, Wal-Mart has not supported its undue burden objection.

For these reasons, Wal-Mart's overbreadth objection is sustained as to temporal scope and overruled in all other respects. Wal-Mart's undue burden objection is overruled. Within twenty-one calendar says from the date of this order, shall produce documents responsive to Request No. 21, which includes those documents reflecting the specification of fabrics and materials used to manufacture and produce Faded Glory 100% cotton girls' dresses as made in India between August 1, 2008, through December 31, 2014.

### R.  Request for Production No. 23

This request seeks, "Any and all 'Lawsuit Run Sheets' of prior apparel flammability cases in which you were a party."[54] This request seeks information similar to that sought by Interrogatory No. 15. Wal-Mart lodges the same discovery objections in response to this request as it does in response to Interrogatory No. 15. For the same reasons stated in the discussion of Interrogatory No. 15, Wal-Mart's overbreadth objection is sustained as to the lack of a temporal scope and overruled in all other respects. Wal-Mart's undue burden and relevance objections are overruled.  Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall produce documents responsive to Request No. 23, limiting the temporal scope to cases filed between August 1, 2008, through December 31, 2014.

### S.  Request for Production No. 24

---

[54] Def. Wal-Mart Stores, Inc.'s Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs. to Def. Wal-Mart Stores, Inc. at 13, ECF No. 51-2.

This request seeks, "Any and all documents reflecting the design, sizing, assembly  and distribution of the Faded Glory cotton girls' dresses made in India."[55] Wal-Mart contends this request is overly broad and unduly burdensome on its face, and it also asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7.

In the section of its brief discussing its argument that the request is facially objectionable, Wal-Mart notes that the request contains an omnibus phrase that Wal-Mart contends modifies a broad category of documents. In this case, the court agrees that the term "reflecting" modifies a facially overbroad category of documents. Documents reflecting design, sizing, assembly, and distribution could conceivably encompass everything from shipping paperwork to sizing tags. Because this request is facially overbroad, the Unzuetas bear the burden to show how their request is not objectionable. Unzuetas do not address this request in their briefs. Therefore, the court finds they have not met their burden, and Wal-Mart's overbreadth objection is sustained. The court lacks sufficient information to modify this request to make it non-objectionable. For this reason, Wal-Mart need not respond to Request No. 24. The court declines to address the remainder of Wal-Mart's objections.

## T.  Request for Production No. 25

This request seeks, "Any and all documents reflecting the marketing, advertising and promotion of the Faded Glory girls' cotton dresses made in India."[56] Wal-Mart contends this request is overly broad and unduly burdensome on its face, and it also asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7.

---

[55] *Id.*

[56] *Id.* at 14.

Like Request No. 24, Wal-Mart notes that this request also contains an omnibus phrase that Wal-Mart contends modifies a broad category of documents. In this case, the court agrees that the term "reflecting" modifies a facially overbroad category of documents. Documents "reflecting" marketing, advertising, and promotion could conceivably encompass everything from store signs to a public relations department's notes. The request does not provide Wal-Mart with sufficient guidance about what the Unzuetas are seeking. Because this request is facially overbroad, the Unzuetas bear the burden to show how their request is not objectionable. Unzuetas do not address this request in their briefs. Therefore, the court finds they have not met their burden, and Wal-Mart's overbreadth objection is sustained. The court lacks sufficient information to modify this request to make it non-objectionable. For this reason, Wal-Mart need not respond to Request No. 25. The court declines to address the remainder of Wal-Mart's objections.

## U.  Request for Production No. 26

This request seeks, "Any and all documents reflecting warnings and or instructions that accompany Faded Glory girls' dresses made in India."[57] Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. For the same reasons stated in the discussion of Interrogatory No. 7, Wal-Mart's undue burden objections and overbreadth objections are sustained as to the request as drafted. Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this request to the time period between August 1, 2008, through December 31, 2014. The court also limits the request to warnings or instructions that accompanied the product and/or substantially similar products, using the definition of "substantially similar" included in the

---

[57] *Id.*

discussion of Interrogatory No. 7. Within twenty-one (21) calendar days from the date of this request, Wal-Mart shall produce documents responsive to Request No. 26, using the modified temporal scope and the limited definition of "substantially similar."

### V.  Request for Production No. 28

This request seeks, "Any and all documents reflecting the flame resistant testing and standards for the Faded Glory girls' dresses bearing a made in India label."[58] Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this request the time period between August 1, 2008, through December 31, 2014. While it is conceivable that this request might require Wal-Mart to undertake a manual review of products based on their UPC code, Wal-Mart has not shown that this would be required to respond. Therefore, Wal-Mart has not supported its undue burden objection. Wal-Mart's overbreadth objection is sustained as to the temporal scope and denied in all other respects. Wal-Mart's undue burden objection is overruled. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall produce documents responsive to Request No. 28, using the modified temporal scope discussed above.

### W. Request for Production No. 29

This request seeks "Any and all written policies regarding labels and/or tags to be affixed to the Faded Glory cotton girls' dresses bearing a made in India label."[59] Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, the lack of any temporal scope renders the discovery request facially objectionable, and

---

[58] *Id.* at 16.

[59] *Id.*

so the court will limit the scope of this request to the time period between August 1, 2008, through December 31, 2014. Similar to the request above, while it is conceivable that this request might require Wal-Mart to undertake a manual review of products based on their UPC code, Wal-Mart has not shown that this would be required to respond. Therefore, Wal-Mart has not supported its undue burden objection. Wal-Mart's overbreadth objection is sustained as to the temporal scope and denied in all other respects. Wal-Mart's undue burden objection is overruled. Within twenty-one (21) days from the date of this order, Wal-Mart shall produce documents responsive to Request No. 29, using the modified temporal scope discussed above.

### X.  Request for Production Nos. 30 and 31

Request No. 30 seeks, "Any and all deposition transcripts retained by you to defend claims regarding the flammability of apparel products sold by you from 1995 to date."[60] Request No. 31 seeks, "Any and all reports of Plaintiffs' experts submitted to you in cases involving claims of the flammability of apparel products sold by you from 1995 to date."[61] Wal-Mart contends these discovery requests are facially overbroad and unduly burdensome. It also asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7, and it asserts the same relevance objection asserted in response to Interrogatory No. 15.

These requests illustrate the challenges with the way Wal-Mart has opposed the Unzuetas' motion to compel. The Unzuetas have drafted two exceedingly broad discovery requests. But by failing to address individual discovery requests and objections in detail, Wal-Mart has presented numerous arguments that do not apply equally among the discovery requests. For example, Wal-Mart lists this request under the section of its brief addressing its position that

---

[60] *Id.* at 17.

[61] *Id.*

certain requests are facially objectionable, but it fails to state how exactly this request is facially objectionable, instead simply noting that its objections "to Request Nos. 30 and 31 are addressed below."[62] Those objections "addressed below" include a number of discovery requests involving information about other litigation, which Wal-Mart contends is irrelevant, overbroad, an unduly burdensome. In the discussion of Interrogatory No. 15, the court addressed Wal-Mart's general arguments regarding the relevance of other litigation and held that discovery on this general topic is relevant. Had Wal-Mart explained with specificity why prior deposition transcripts or expert reports are not relevant, the court would be more inclined to sustain a relevance objection. But it is not the court's role to fill in support for an objection where it is lacking.

Along the same lines, the same objections asserted in response to Interrogatory No. 7 would not appear to apply because this discovery request would not seem to call for a manual search of products by UPC number. Wal-Mart has provided no estimate, let alone evidentiary support, showing how much time or expense would be involved in responding to this discovery request, and so Wal-Mart's undue burden objection is also unsupported.

That said, the court finds these requests to be facially overbroad. While some discovery concerning prior litigation regarding flammability is relevant, the scope of these requests differs drastically from the Unzuetas' other discovery requests and  from its proposed temporal scope discussed with Wal-Mart. When a discovery request is overly broad based on temporal scope, the proponent of the discovery bears the burden to explain why the discovery request spans a reasonable number of years.[63] The Unzuetas do not explain why they require this scope of information. The court finds they have not met their burden to explain how these requests are

---

[62] Def. Wal-Mart Stores, Inc.'s Opp'n to Pls.' Mot. to Compel Disclosure at 10, ECF No. 64.

[63] *See Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201, at *3 (D. Kan. Jan. 18, 2007).

permissible, and therefore Wal-Mart's overbreadth objection is sustained as to the requests as drafted. Request No. 30 is modified to encompass deposition transcripts retained by Wal-Mart to defend claims regarding the flammability of apparel products sold between August 1, 2008, through December 31, 2014. Request No. 31 is modified to encompass reports of Plaintiffs' experts submitted to Wal-Mart in cases involving claims of the flammability of apparel products sold between August 1, 2008, through December 31, 2014. The court overrules the remainder of Wal-Mart's objections. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall serve documents responsive to Request Nos. 30 and 31, using the modified temporal scope discussed above.

### Y.  Request for Production No. 32

This request seeks, "Copies of any articles, text, abstract or reports maintained by your Product Liability Claims Department relating to flammability of apparel products."[64] Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. Again, while it is conceivable that this request might require Wal-Mart to undertake a manual review of products based on their UPC code, Wal-Mart has not shown that this would be required in order to respond. And while the scope of the request is broad, Wal-Mart has done no more than note that the request encompasses "apparel products," failing to assert any specific argument regarding the breadth of this request. For these reasons, Wal-Mart's overbreadth and undue burden objections are overruled. Within twenty-one (21) calendar days from the date of this order Wal-Mart shall produce documents responsive to Request No. 32.

### Z.  Request for Production No. 34

---

[64] Def. Wal-Mart Stores, Inc.'s Resps. and Objs. to Pls.' First Reqs. for Produc. of Docs. to Def. Wal-Mart Stores, Inc. at 18, ECF No. 51-2.

This request seeks, "All documents which discuss, refer, pertain or relate to the selection of flame retardants used in the product or similar product[s]."[65] Wal-Mart lists this discovery request in the heading for the section of its brief addressing its overbreadth and undue burden objections asserted in response to Interrogatory No. 7. For the same reasons stated in the discussion of that interrogatory, the court sustains the overbreadth objection as to lack of temporal scope and limits the scope of this request to the time period between August 1, 2008, through December 31, 2014. However, Wal-Mart fails to make any particular arguments regarding this request (or even mention the request by number) in its discussion of these objections. And again, while it is conceivable that this request might require Wal-Mart to undertake a manual review of products based on their UPC code, Wal-Mart has not shown that this would be required in order to responds. Because Wal-Mart has failed to support these objections, the remainder of Wal-Mart's overbreadth objection is overruled, and Wal-Mart's undue burden objection is also overruled.

Wal-Mart also asserts that this request is vague and ambiguous based on the Unzuetas' failure to capitalize certain terms. Wal-Mart explains that the Unzuetas had defined the terms at issue in their discovery requests but failed to use them as the defined terms in this and two other requests. Wal-Mart informed the Unzuetas that it would waive this objection if the terms used were intended to be the defined terms. The Unzuetas do not address this issue in their reply brief, and so the court presumes the dispute as to this objection is now moot. Wal-Mart shall respond to this request using the defined terms.

Within twenty-one (21) calendar days from the date of this order Wal-Mart shall produce documents responsive to Request No. 34, using the modified temporal scope discussed above.

---

[65] *Id.* at 19.

### AA.      Request for Production Nos. 35-38

Request Nos. 35-38 seek similar information, and Wal-Mart has lodged the same

objections to these requests. Request No. 35 seeks, "All documents which discuss, refer, pertain

or relate to the material specifications of the Product or any Substantially Similar Product."[66]

Request No. 36 seeks, "All documents which discuss, refer, pertain or relate to flammability

testing of the Product or any Substantially Similar Product, or of its component fabrics or

textiles, including but not limited to testing performed in accordance with 16 C.F.R. Part

1610."[67] Request No. 37 seeks, "All documents which discuss, refer, pertain or relate to your

review of flammability testing of the Product or any Substantially Similar Product, or of its

component fabrics or textiles, including but not limited to testing performed in accordance with

16 C.F.R. Part 1610."[68] Request No. 38 seeks, "All documents which discuss, refer, pertain or

relate to the flammability classification of the Product or any Substantially Similar Product or of

its component fabrics or textiles including but not limited to the classification as characterized

within 16 C.F.R. Part 1610."[69]

Wal-Mart asserts the same overbreadth and undue burden objections asserted in response

to Interrogatory No. 7. For the same reasons stated in the discussion of that interrogatory, the

court sustains the overbreadth objections as to lack of temporal scope and sustains the undue

burden objections to the request as drafted. The objections are overruled in all other respects.

The court limits the scope of these requests to the time period between August 1, 2008, through

---

[66] *Id.*

[67] *Id.* at 20.

[68] *Id.* at 21.

[69] *Id.* at 21.

December 31, 2014. Wal-Mart shall use the definition of "substantially similar" set out in the discussion of Interrogatory No. 7. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall produce documents responsive to Request Nos. 35-38, as modified by the court.

### BB.    Request for Production Nos. 39 and 40

Request Nos. 39 and 40 seek similar information, and Wal-Mart has lodged the same objections to both requests. Request No. 39, "All documents which discuss, refer, pertain or relate to your review of the flammability classification of [the] product or similar product[s] or of its component fabrics or textiles, including but not limited to the classification as characterized within 16 C.F.R. Part 1610."[70] Request No. 40 seeks, "All documents which discuss, refer, pertain or relate to any safety hazard or risk analysis performed with respect to [the] product or similar product[s] or of its component fabrics, textiles, as it relates to flammability."[71]

Like the above-discussed requests, Wal-Mart also asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. For the same reasons stated in the discussion of that interrogatory, the court sustains the overbreadth objections as to lack of temporal scope and sustains the undue burden objections to the request as drafted. The court limits the scope of these requests to the time period between August 1, 2008, through December 31, 2014. Wal-Mart shall use the definition of "substantially similar" set out in the discussion of Interrogatory No. 7 in lieu of "similar product," as drafted.

Wal-Mart also asserts that these requests are vague and ambiguous based on the Unzuetas' failure to capitalize certain terms. Wal-Mart explains that the Unzuetas had defined

---

[70] *Id.* at 22.

[71] *Id.* at 23.

the terms at issue in their discovery requests but failed to use them as the defined terms in this and two other requests. Wal-Mart informed the Unzuetas that it would waive this objection if the terms used were intended to be the defined terms. The Unzuetas do not address this issue in their reply brief, and so the court presumes the dispute as to these objections is now moot. Wal-Mart shall respond to this request using the defined terms. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall produce documents responsive to Request Nos. 39 and 40, as modified by the court.

### CC.    Request for Production No. 41

This request seeks, "All petitions or complaints filed against you involving allegations that cotton clothing sold by you in the last 20 years caught fire and caused injury, damage, or death."[72] This request seeks information similar to Request Nos. 30 and 31, discussed above, and Wal-Mart also asserts the same overbreadth, undue burden, and relevance objections to this request as it does to Request Nos. 30 and 31. For the same reasons stated in the discussion of Request Nos. 30 and 31, the court finds the temporal scope of this request is facially overbroad. The court modifies Request No. 41 to include petitions or complaints involving allegations that cotton clothing sold by Wal-Mart between August 1, 2008, through December 31, 2014, caught fire and caused injury, damage, or death. The court overrules the remainder of Wal-Mart's objections for the same reasons stated in the discussion of Request Nos. 30 and 31. Within twenty-one (21) calendar days from the date of this order, Wal-Mart produce documents responsive to Request No. 41, as modified by the court.

### DD.    Request for Production No. 42

This request seeks,

---

[72] *Id.* at 24.

> All consumer complaints, correspondence to or from the manufacturer of Wal-Mart cotton clothing, consumers or other retailers, product complaint reports, Requests for assistance, summaries of calls to your hotline or to your product safety office, or other similar documents regarding or pertaining to complaints or comments received by or made known to you which discuss, refer, relate or pertain to potential flammability hazards of cotton girls' dresses.[73]

Like Request for Production No. 6, Wal-Mart also asserts this request is facially overbroad and unduly burdensome. It additionally asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7.

Again, the lack of any temporal scope renders the discovery request facially objectionable, and so the court will limit the scope of this this request to the time period between August 1, 2008, through December 31, 2014. As for the remainder of the request, Wal-Mart argues the request is facially objectionable because it targets "cotton girls dresses," a broad category of products. As explained in the discussion of Request No. 6, a broad discovery request does not mean the request is facially objectionable. It is not apparent to the court by reviewing the plain language of the request that it seeks irrelevant information or that responding to it would pose an undue burden. Because the request is not facially objectionable, Wal-Mart bears the burden to support its objections.

For largely the same reasons in the discussion of Interrogatory No. 15, the evidentiary support for Wal-Mart's undue burden objection does not appear to apply to request. Wal-Mart has failed to specifically explain why identifying this type of information would call for a manual review of products by UPC code. For these reasons, the court overrules the remainder of Wal-Mart's overbreadth objection and overrules its undue burden objection. Within twenty-one

---

[73] *Id.* at 24-25.

(21) calendar days from the date of this order, Wal-Mart shall produce documents responsive to to Request No. 42, as modified by the court.

### EE.    Request for Production No. 43

This request seeks, "Any swatch of material provided to Defendant Wal-Mart Stores, Inc. by Defendant Consumer Testing Laboratories, Inc. appurtenant to any testing report produced by Defendant Consumer Testing Laboratories, Inc. regarding the Product or any Substantially Similar Product."[74] Wal-Mart asserts the same overbreadth and undue burden objections asserted in response to Interrogatory No. 7. For the same reasons stated in the discussion of that interrogatory, the court sustains the overbreadth objection as to lack of temporal scope and sustains the undue burden objection to the request as drafted. The objections are overruled in all other respects. The court modifies this request to encompass swatches of material provided to CTL August 1, 2008, through December 31, 2014. Wal-Mart shall use the definition of "substantially similar" set out in the discussion of Interrogatory No. 7. Within twenty-one (21) calendar days from the date of this order, Wal-Mart shall produce the swatches of material sought by Request No. 43, as modified by the court.

## III.    Conclusion

The Unzuetas have also requested an award of attorney fees and expenses incurred as a result of briefing this motion. That request is denied.[75] Very few of the Unzuetas' discovery requests have been upheld in full, and very few of Wal-Mart's objections have been sustained in full. This illustrates the failure of both sides to effectively work together to resolve or narrow discovery disputes prior to bringing them to the court's attention. As a result, discovery has been

---

[74] *Id.* at 25.

[75] *See* Fed. R. Civ. P. 37(a)(5)(C) (providing that an award of fees and expenses is discretionary when a motion to compel is granted in part and denied in part).

delayed. Future discovery briefs submitted in this condition will result in a court order requiring the parties to more meaningfully confer and could result in the imposition of sanctions on one or both parties.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Disclosure (ECF No. 51) is granted in part and denied in part. It is further ordered that within twenty-one (21) calendar days from the date of this order, Wal-Mart Stores, Inc. shall serve supplemental responses to Interrogatory Nos. 3, 5-10, 12, 15, 18-20 and shall produce documents responsive to Request for Production Nos. 2, 6-14, 17, 20-23, 26, 28-32, 34-43, as directed in this order, including any modifications made herein.

**IT IS FURTHER ORDERED** that Defendant Wal-Mart Stores, Inc.'s Motion for Leave to File a Sur-Reply to Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel (ECF No. 72) is granted insofar as the court has considered the proposed surreply in fashioning this order.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2016, at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge