#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| N.U., a minor, by and through her father and next friend, HERIBERTO UNZUETA, and her mother and next friend, ELBA UNZUETA, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 15-4885-KHV |
| WAL-MART STORES, INC., ) ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiffs' Motion Pursuant to Federal Rules of Civil Procedure 36(a)(4) and 37(c)(2) Arising Out of Defendant's Failure to Comply with Request for Admissions (ECF No. 113). Plaintiffs ask the court to determine the sufficiency of defendant's denials of several requests for admissions, which plaintiffs characterize as improper "unexplained denials." Plaintiffs also seek sanctions for what they contend are two denials that have been proven true. Defendant opposes the motion. For the reasons stated below, plaintiffs' motion is denied.

**I.      Background**

Plaintiffs, the Unzuetas, bring this action on behalf of N.U., their minor daughter who was injured after the dress she was wearing caught fire, causing severe burns to her body. The Unzuetas assert negligence and strict products liability claims against Defendant Wal-Mart Stores, Inc., which plaintiffs allege sold the Faded Glory dress N.U. was wearing and which plaintiffs allege participated in the design and development process of the Faded Glory brand of apparel.

On December 19, 2016, Wal-Mart served its responses to the Unzuetas' requests for admission. Wal-Mart denied several of the requests for admission, including Request Nos. 16 and 17. Request No. 16 asks Wal-Mart to admit that a Children's Mercy Hospital invoice is reasonable in amount.[1] Request No. 17 asks Wal-Mart to admit that the invoice reflects medically necessary services rendered to the minor plaintiff.[2] During the deposition of Dr. Richard Korentager, one of Wal-Mart's expert witnesses, Dr. Korentager testified that the Children's Mercy Hospital charges of $365,503.31 "sounds what—reasonable for the charges that would be—" and that he believed that Children's Mercy Hospital was "billing a fair amount for the services."[3]

The Unzuetas contend that Wal-Mart's denials to their requests for admission require an explanation and are therefore improper. They also argue that Dr. Korentager's deposition testimony is contradictory to Wal-Mart's denials of Request Nos. 16 and 17 and that Wal-Mart should be subjected to sanctions for these allegedly improper denials. Wal-Mart argues that Rule 36 does not require an explanation of a denial. Wal-Mart also contends that the Unzuetas bear the burden of establishing the reasonableness of the minor plaintiff's medical charges and medical services and that these matters have not been established. Therefore, Wal-Mart contends that it has not improperly denied Request Nos. 16 and 17. Wal-Mart seeks fees incurred in responding to the Unzuetas' motion.

---

[1] Def. Wal-Mart Stores, Inc.'s Resps. to Pls.' First Req. for Admissions at 6, ECF No. 113-2.

[2] *Id.*

[3] Pls.' Mot. Pursuant to Fed. R. Civ. P. 36(a)(4) and 37(c)(2) Arising Out of Def.'s Failure to Comply with Reqs. for Admis. at 4-5, ECF No. 113

## II.     Discussion

Rule 36 governs requests for admission. Rule 36(b)(6) allows the requesting party to move for a determination regarding the sufficiency of a response or objection to a request for admission. In this case, the Unzuetas argue that Wal-Mart's responses are deficient because Wal-Mart did not explain its denials. Rule 36(a)(4) addresses answering a request for admission. It provides,

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

The plain language of the rule does not require a party denying in full a request to admit to explain its denial. "[T]he use of only the word 'denied' is often sufficient under the rule."[4] Typically, a party qualifies or explains its answer only when it is denying part of the request and admitting or objecting to the remainder.[5] The Unzuetas cite no authority other than Rule 36(a)(4) for their position that Wal-Mart is required to explain its denials. The rule clearly does not support this interpretation. Although the Unzuetas' own instructions section in the requests for admission directed Wal-Mart to explain its denials, the court will not compel a responding party to do more than what is required by the Federal Rules when an opposing party unilaterally directs that the responding party do so.

In their reply brief, the Unzuetas attempt to recast the argument—stating that Wal-Mart has made partial admissions in response to Request Nos. 16 and 17 "as reflected in the Motion,"

---

[4] *Caruso v. Coleman Co.*, No. 09-6733, 1995 WL 347003 at *2 (E.D. Pa. 1995) (citing *United Coal Cos. v. Powell Const.*, 839 F.2d 958, 967-68) (3d Cir. 1988)).

[5] *Id.*

presumably meaning either Wal-Mart's response brief or the briefing on the pending motion for summary judgment. In either case, Wal-Mart provides no legal authority for these positions, and they do not appear to be supported by the Federal Rules of Civil Procedure or case law construing the requirements for responding to a request for admission. For these reasons, the court determines that Wal-Mart's denials are sufficient responses.

The Unzuetas also seek costs and fees pursuant to Fed. R. Civ. P. 37(c)(2) for what they contend are improper denials of Request Nos. 16 and 17. Rule 37(c)(2) governs failing to admit. It provides,

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.

But the court must not order reasonable expenses if the request was held objectionable, the admission sought was not of substantial importance, the party failing to admit had a reasonable basis to believe it might prevail on the issue, or there was another good reason for failing to admit.[6]

Even though Rule 37(c)(2) does not specify a time when a motion for expenses may be filed, the advisory committee's note makes clear that it "is intended to provide post trial relief."[7] The Federal Rules do not contemplate "a pretrial hearing on whether the response is warranted

---

[6] Fed. R. Civ. P. 37(c)(2)(A)-(D).

[7] *See* Fed. R. Civ. P. 37(c)(2) advisory committee's note to the 1970 amendment.

by the evidence thus far accumulated."[8] The majority of courts addressing this issue have held that motions under Rule 37(c)(2) must be made after the matter is proven at trial.[9]

In this case, the Unzuetas' motion is premature. A discovery deposition of the opposing party's expert tending to undercut the opposing party's denials is not sufficient to deem the matter proven. The Unzuetas have not yet proven that the medical services provided to the minor plaintiff were medically necessary or that the charges are reasonable. For these reasons, the court denies the Unzuetas' request for an award of expenses.

When the court denies in full a motion to determine the sufficiency of responses to requests for admission, it must award reasonable expenses, including attorney fees, to the party opposing the motion.[10] However, the court shall not award expenses if "the motion was substantially justified or other circumstances make an award of expenses unjust."[11] An award of reasonable fees and expenses may be warranted in this case. The Unzuetas have filed a motion unsupported by existing procedural rules or case law. During the final pretrial conference, the undersigned offered the opinion that the motion the Unzuetas planned to file appeared premature. The undersigned also directed plaintiffs' counsel to further confer with defense counsel about this dispute. It appears plaintiffs' counsel disregarded this direction and also failed to fully investigate the appropriateness of the timing of the motion.

---

[8] *Id.*

[9] *See, e.g., Joseph v. Fratar*, 197 F.R.D. 20, 23 (D. Mass. 2000); *Cooper v. State Farm Fire & Cas. Co.*, 568 So. 2d 687, 696 (Miss. 1990); *A & V Fishing, Inc. v. Home Ins. Co.*, 145 F.R.D. 285, 288 (D. Mass. 1993); *see also* 8B Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2290 (stating that a party moving for expenses must do so after trial).

[10] Fed. R. Civ. P. 36(a)(6); 37(a)(5).

[11] Fed. R. Civ. P. 37(a)(5)(B).

That said, it has been the undersigned's experience that litigating whether fees and expenses are warranted, and if so, the appropriate amount, often results in the parties expending as much time and resources as they did litigating the underlying motion. For this reason, the court orders the parties to confer within seven (7) calendar days from the date of this order to attempt to reach an agreement regarding the issue of reasonable fees and expenses. If they cannot come to an agreement, the Unzuetas and their counsel shall show cause in writing to the undersigned within fourteen (14) calendar days from the date of this order why they should not be taxed with Wal-Mart's reasonable fees and expenses incurred in opposing their motion. If the court determines that monetary sanctions are appropriate, it will order Wal-Mart to file a verified accounting of the reasonable fees and expenses it incurred responding to the motion, and the court will provide the Unzuetas time to respond.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion Pursuant to Federal Rules of Civil Procedure 36(a)(4) and 37(c)(2) Arising Out of Defendant's Failure to Comply with Request for Admissions (ECF No. 113) is denied.

**IT IS SO ORDERED.**

Dated April 5, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
