# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| N.U., a minor, by and through her father and next best friend, HERIBERTO UNZUETA, and her mother and next best friend, ELBA UNZUETA, | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | No. 15-4885-KHV |
| v. | ) ) ) | |
| WAL-MART STORES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs N.U., A Minor By And Through Her Father And Next Best Friend Heriberto Unzueta And Her Mother And Next Best Friend, Elba Unzueta, Motion For Leave To File Certain Attachments To Response To Defendant's Statement Of Uncontroverted Facts Under Seal And To Accept Them As Being Filed Timely ("Motion To Seal") (Doc. #121) filed March 6, 2017. For reasons stated below, the Court sustains the motion in part.

## Legal Standards

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey,

767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. Worford, 2004 WL 316073, at *1; Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998).

## Analysis

Plaintiffs seek leave to file under seal Attachments J, N, O, R and T to Plaintiffs' Response To Defendant's "Statement Of Uncontroverted Facts" And Plaintiff's "Statement Of Additional Uncontroverted Facts" (Doc. #118) filed March 1, 2017.[1] In support of the motion, plaintiffs state that in discovery, defendant designated the documents "confidential" under the agreed Protective Order (Doc. #30) filed November 17, 2015. The fact that defendant has designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal. See Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions, Inc., No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. Mar. 14, 2012); Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010). The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed

---

[1] Attachments J, N and R contain evaluations of test results performed by Consumer Testing Laboratories, Inc. See attachments 1, 2 and 4 to Motion To Seal (Doc. #121). Attachment O is entitled "Walmart USA Apparel Testing Manual." Attachment 3 to Motion To Seal (Doc. #121). Attachment J contains unidentified comments. See attachment 5 to Motion To Seal (Doc. #121).

under seal." Protective Order (Doc. #30) at 6. On this record, neither party has met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292. Accordingly, the Court overrules plaintiffs' motion to file the attachments under seal.

Plaintiffs ask for leave to file the attachments out of time. In support of the request, plaintiffs state that when they filed their response to defendant's motion for summary judgment, they did not file the attachments because defendant had marked them "confidential" under the protective order. See Motion To Seal (Doc. #121) at 2. Instead, counsel emailed the omitted attachments to chambers and requested the Court to consider them as part of the summary judgment record. See id. Chambers informed counsel that the Court would not consider the attachments unless counsel filed them as part of the record in the case. Subsequently, plaintiffs filed the instant motion. Under the circumstances, the Court will allow plaintiffs leave to file the attachments out of time.

**IT IS THEREFORE ORDERED** that Plaintiffs N.U., A Minor By And Through Her Father And Next Best Friend Heriberto Unzueta And Her Mother And Next Best Friend, Elba Unzueta, Motion For Leave To File Certain Attachments To Response To Defendant's Statement Of Uncontroverted Facts Under Seal And To Accept Them As Being Filed Timely (Doc. #121) filed March 6, 2017 be and hereby is **SUSTAINED in part**. On or before **April 13, 2017**, plaintiffs may file Attachments J, N, O, R and T not under seal.

Dated this 10th day of April, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge