## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| N.U., a minor, by and through her father and next best friend, HERIBERTO UNZUETA, and her mother and next best friend, ELBA UNZUETA, | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | No. 15-4885-KHV |
| v. | ) ) ) | |
| WAL-MART STORES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on <u>Defendant's Unopposed Motion For Leave To File Under Seal Exhibits 1-4 To The Parties' Joint Motion For Approval Of Settlement Of Minor's Claim And Distribution Of Settlement Proceeds</u> ("<u>Motion To Seal</u>") (Doc. #150) filed August 16, 2017. For reasons stated below, the Court overrules the motion.

### **Legal Standards**

Federal courts have long recognized a common-law right of access to judicial records. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011); <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980); <u>Worford v. Topeka</u>, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. <u>Helm</u>, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. <u>Id.</u>; <u>United States v. Hickey</u>, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's

interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. Worford, 2004 WL 316073, at *1; Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998).

## **Analysis**

Defendant seeks leave to file under seal Exhibits 1, 2, 3 and 4 to the parties' Joint Motion For Approval Of Settlement Of Minor's Claim And Distribution Of Settlement Proceeds (Doc. #149) filed August 16, 2017.[1] In support of the motion, defendant states that confidentiality is "an essential term and condition" to the parties' settlement. Motion To Seal (Doc. #150) at 1. Defendant states that the exhibits which it seeks to file under seal contain "confidential and sensitive information" relating to the settlement, including the settlement amount and anticipated payments under a structured settlement annuity. Id. at 2-3. Defendant asks for leave to file the documents under seal so that the Court may consider them with respect to approving the settlement "while still preserving the sensitive and confidential nature" of the documents. Id. at 2.

The fact that the parties wish to keep terms of their proposed settlement confidential does not in itself provide sufficient reason to seal. See, e.g., McCaffrey v. Mortgage Sources Corp.,

---

[1] Exhibit 1 contains the proposed settlement agreement; Exhibit 2 discloses the proposed distribution of settlement proceeds; Exhibit 3 contains information regarding payments under a structured settlement annuity; and Exhibit 4 contains information regarding satisfaction of an outstanding medical lien. See attachments 1, 2, 3 and 4 to Motion To Seal (Doc. #150).

-2-

No. 08-2660-KHV, 2010 WL 4024065, at *1-2 (D. Kan. Oct. 13, 2010). On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.[2] See Helm, 656 F.3d at 1292. Accordingly, the Court overrules defendant's motion to file the proposed exhibits under seal. On or before **August 25, 2017**, defendant may filed the documents not under seal.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion For Leave To File Under Seal Exhibits 1-4 To The Parties' Joint Motion For Approval Of Settlement Of Minor's Claim And Distribution Of Settlement Proceeds ("Motion To Seal") (Doc. #150) filed August 16, 2017 be and hereby is **OVERRULED**. On or before **August 25, 2017**, defendant may file the proposed exhibits not under seal.

Dated this 23rd day of August, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] To the extent the proposed exhibits contain sensitive information regarding plaintiff's identity and date of birth, defendant has not shown that redaction would not sufficiently protect any information which is legitimately confidential. See District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I (August 24, 2015); Fed. R. Civ. P. 5.2.